■ In the Matter of TERRELL W., a Person Alleged to be a Juvenile Delinquent, Appellant. [749 NYS2d 245] —Order of disposition, Family Court, Bronx County (Harold Lynch, J.), entered on or about January 21, 2000, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed an act that, if committed by an adult, would constitute the crime of criminal possession of a weapon in the second degree, and placed him with the Office of Children and Family Services for a period of 18 months, unanimously affirmed, without costs.

The court properly denied the motion to suppress. As the police drove slowly past appellant, who was standing in the street, they observed a bulge at his waist resembling a gun. This provided the police with reasonable suspicion (*see People v Spivey*, 46 NY2d 1014), and an officer, fearing for his safety, properly grabbed appellant, felt the gun and subsequently placed appellant under arrest.

There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761). The minor discrepancies in the officers' testimony regarding the location of the bulge do not warrant the conclusion that their testimony was incredible, particularly given their different vantage points and the rapidity with which the event unfolded. The presentment agency therefore satisfied its burden of coming forward, in the first instance, to demonstrate the legality of the police conduct.

The evidence presented by appellant did not satisfy his burden of establishing illegality. The court was entitled to credit the testimony of the police over that of appellant's brother. Moreover, even were we to credit the evidence indicat-

ing that appellant's father retrieved the sweatshirt which appellant had been wearing at the time he was arrested from the facility where appellant was being held, this did not mean that the court was therefore obliged to accept that the sweatshirt produced by the defense at the hearing was the same sweatshirt, particularly where there was evidence showing that it bore a different label. Thus, the court was entitled to credit the police testimony that, unlike the sweatshirt produced at the hearing, the sweatshirt which appellant was actually wearing the night of his arrest ended at his waist, thereby making the waistline bulge visible. The negative inference drawn by the court as a result of the loss of photographs taken at the time of appellant's arrest does not require a different outcome. Concur—Andrias, J.P., Saxe, Buckley and Lerner, JJ.